Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 4553 | DATE | 9/16/2010 |
| CASE TITLE | Fred Wilson vs. City of Harvey | | |

**DOCKET ENTRY TEXT**

Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　Plaintiff Fred Wilson ("Wilson") sued Defendant City of Harvey ("Harvey") in this Court after originally filing suit against Harvey in the Circuit Court of Cook County, losing that suit, and appealing that loss. Having lost his claims in the state system, Wilson now turns to this Court. Wilson alleges constitutional violations stemming from the state court proceedings, including violations of equal protection and his right to counsel. Harvey moves to dismiss Wilson's Complaint for lack of personal and subject matter jurisdiction and failure to state a claim. For the reasons stated below, the Motion to Dismiss is granted.

　　These pleadings arise out of a case Wilson brought against Harvey in the Circuit Court of Cook County after his house burned down in February 2007. Wilson sued for gross negligence and loss of rents allegedly caused by Harvey's failure to extinguish the fire in time. According to Wilson, Harvey shut off the fire hydrant by his house in July 2006 to prevent children from turning it on and playing in the water. When the firemen arrived at Wilson's house on the night of the fire in February, they had to spend valuable time searching for a hydrant that was still functioning. Wilson's house burned down as a result of this delay. The circuit court granted Harvey's Motion to dismiss on June 20, 2008, and the Illinois Appellate Court affirmed that order on May 26, 2009. The Illinois Supreme Court denied Wilson's petition for leave to appeal.

　　This Court's first task when a Complaint is filed is to determine whether the plaintiff has properly alleged federal jurisdiction. *See McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005); ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) ("All too often both litigants and judges disregard their first duty in every suit: to determine the existence of subject-matter jurisdiction."). Because the Court does not have the power to proceed without jurisdiction over a case, "not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

| STATEMENT |
|---|

A court should liberally construe the filings of a *pro se* litigant. *See Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006) ("If the judge can see what the *pro se* litigant is driving at, that is enough."). However, under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine applies "where a party in effect seeks to take appeal of an unfavorable state-court decision to a lower federal court." *Id.* at 456. The *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state court judgment and seeks review and rejection of that judgment by the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This jurisdictional bar to review of state court judgments operates "no matter how erroneous or unconstitutional the state court judgment may be" because "the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

Construing Wilson's Complaint liberally, he appears to claim two separate violations of his constitutional rights—the Illinois Supreme Court's failure to provide him an attorney and its verdict denying him relief. Regarding the first violation, Wilson claims "[t]here can be no equal justice or treatment if defendant have [sic] counsel and plaintiff is unable to obtain the same." (Compl. 1.) Further, Wilson states that his "motion"—presumably one to have counsel appointed though this is not clear—"should have been granted to bring this matter within the scope of equal protection of the law." *Id*. Notably, however, Wilson does not allege that he could not afford counsel. Rather, he states repeatedly that he can afford counsel, but that he was unable to find an attorney. *Id*. Regarding the second violation, Wilson claims that the "defendant's judgement [sic] is at the expense of depriving plaintiff of Equal treatment and Equal protection of the law." *Id*.

Wilson's injury—the alleged violation of equal protection—stems directly from his state court holdings. Wilson claims that it is the state court "judgment" and its failure to appoint him counsel that deprive him of equal protection. Such claims however are barred by the *Rooker-Feldman* doctrine. *Lawrence v. Interstate Brands*, 278 Fed. App'x 681 (7th Cir. 2008) (*Rooker-Feldman* bars claims where plaintiff alleges injuries that stem directly from state court judgments). Wilson is effectively asking this Court to review and remedy his final state court judgments. Therefore this Court does not have subject matter jurisdiction to hear Wilson's claims, even though they are couched in constitutional language.

Wilson attempted to amend his Complaint by inserting language to that end in the appendix filed with his Complaint. On a page titled "Motion to Amend Complaint," Wilson alleges a civil rights violation for the way the police treated him in the aftermath of the fire. This claim was not raised in state court because "[u]nable to obtain counsel in the fire matter, [Wilson] never got around to the Civil Rights violation." Even if the Court treated Wilson's "Motion to Amend Complaint" as a properly filed Amended Complaint, Wilson's civil rights claim would nonetheless be time-barred. The statute of limitations for § 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Wilson's alleged civil rights infringement occurred the night his house burned down, February 1, 2007. However Wilson did not attempt to file his civil rights claim until July 22, 2010. As such, his civil rights claim is time-barred.

Wilson also filed a "Motion for the appointment of counsel at the plaintiff expense" when he filed his federal suit. This motion was also included as a page in the appendix to his Complaint. Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The Court considers whether Wilson has made attempts to secure counsel himself and examines "the difficulty of the plaintiff's claims and the plaintiff's competence to

|   |
|---|
| **STATEMENT** |
| litigate those claims himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). The instant case is not complex, and Wilson has experience litigating pro se in state and federal court.[1] More importantly, appointment of counsel would be futile if this court has no jurisdiction over Wilson's claims. Therefore, even if Wilson had filed this motion properly, this Court would still be within its discretion to deny the appointment of counsel.<br><br>Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction. |

1. *See, e.g., Wilson v. First Nat'l Acceptance*, 01 C 2425 (Plunkett, J.); *Wilson, et al. v. Harvey City of Ill.*, 03 C 11 (Pallmeyer, J.); *Wilson v. Hous. Auth. Cook County, et al.*, 03 C 7083 (Shadur, J.); *Wilson v. Devine*, 08 C 3779 (Kendall, J.).